1   REBECCA L. TORREY (Bar No. CA 153866)
    E-mail:  rtorrey@manatt.com
2   ERIN C. WITKOW (Bar No. CA 216994)
    E-mail: ewitkow@manatt.com
3   MANATT, PHELPS & PHILLIPS, LLP
    11355 West Olympic Boulevard
4   Los Angeles, CA  90064-1614
    Telephone: (310) 312-4000
5   Facsimile:  (310) 312-4224

6   *Attorneys for Defendant*
    METROPOLITAN INTERPRETERS
7   AND TRANSLATORS, INC.

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  M.G., F.M., L.A., J.M., L.G., F.B., M.N.,      No.  3:12-cv-00460-DMS-MDD
    R.G., L.S., and E.R., individuals,
13                                                 Honorable Dana M. Sabraw
                     Plaintiffs,
14                                                 **METROPOLITAN INTERPRETERS AND**
            vs.                                    **TRANSLATORS, INC.'S ANSWER TO FIRST**
15                                                 **AMENDED COMPLAINT**
    METROPOLITAN INTERPRETERS
16  AND TRANSLATORS, INC., a
    corporation, J.C., an individual, L.L., an
17  individual, R.P., an individual, M.L., and     Complaint Filed: February 23, 2012
    individual, B.A., an individual, and DOES
18  1-20, inclusive,

19                   Defendants.

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

                                                                    CASE NO. 12CV0460

Defendant Metropolitan Interpreters and Translators, Inc. ("Defendant" or "Metropolitan") hereby answers the First Amended Complaint ("FAC") of Plaintiffs M.G., F.M., L.A., J.M., L.G., F.B., M.N., R.G., L.S. and E.R. (collectively, "Plaintiffs") as follows[1]:

## I.
## INTRODUCTION

Defendant denies the allegations set forth in the Introduction of the FAC.

## II.
## GENERAL ALLEGATIONS

1.      The allegation of Paragraph 1 of the FAC states a legal conclusion to which no response is required, but to the extent a response to this allegation is required, Defendant denies the allegation.

2.      The allegation of Paragraph 2 of the FAC states a legal conclusion to which no response is required, but to the extent a response to this allegation is required, Defendant denies the allegation.

3.      Defendant lacks sufficient knowledge or information to form a belief as to whether a substantial part of the events or omissions that allegedly give rise to Plaintiffs' claims occurred within San Diego County.  The remaining allegations in Paragraph 3 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the remaining allegations is required, Defendant denies those allegations.

## III.
## PARTIES

4.      Defendant lacks sufficient knowledge or information to form a belief as to whether at all times relevant to the FAC, Plaintiffs were individuals residing in San Diego County, California, and on that basis, Defendant denies the allegations of Paragraph 4 of the FAC.

5.      Defendant admits that it is a nationwide corporation operating throughout the

---

[1] Pursuant to the Court's Order of July 19, 2012, Plaintiffs' Fourth, Fifth, and Seventh Causes of Action have been dismissed with prejudice; therefore, Defendant does not address the allegations of those causes of action in this Answer.

United States, including San Diego County, California. Defendant further admits that it either previously employed or currently employs each of the Plaintiffs. The remaining allegations of Paragraph 5 state a legal conclusion to which no response is required, but to the extent a response to the remaining allegations is required, Defendant denies those allegations.

6.    Defendant admits that Defendant employed J.C. as a vice president at all times relevant to the FAC. Except as expressly admitted, Defendant denies the allegations of Paragraph 6 of the FAC.

7.    Defendant admits that Defendant employed L.L. as a human resources manager and security officer at all times relevant to the FAC. Except as expressly admitted, Defendant denies the allegations of Paragraph 7 of the FAC.

8.    Defendant admits that Defendant employed R.P. as an operations manager at all times relevant to the FAC. Except as expressly admitted, Defendant denies the allegations of Paragraph 8 of the FAC.

9.    Defendant admits that Defendant employed M.L. as the Title III program manager at all times relevant to the FAC. Defendant further admits that M.L. supervised B.A. at all times relevant to the FAC. Except as expressly admitted, Defendant denies the allegations of Paragraph 9 of the FAC.

10.    Defendant admits that Defendant employed B.A. as a site supervisor in San Diego, California at all times relevant to the FAC. Except as expressly admitted, Defendant denies the allegations of Paragraph 10 of the FAC.

11.    Defendant denies the allegation of Paragraph 11 of the FAC.

12.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the FAC, and on that basis, deny those allegations.

13.    The allegations of Paragraph 13 state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

# IV.
## FACTS

14.   Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

15.   Defendant admits that it has described itself as the "largest provider of translators, transcription and interpretation services to the law enforcement community," and further admits that it maintains offices in New York, Miami, Los Angeles, San Diego, Washington D.C., and Scottsdale, Arizona.  Defendant further admits that it maintains corporate offices in New York. The remaining allegation of Paragraph 15 states a legal conclusion to which no response is required, but to the extent a response to the remaining allegation is required, Defendant denies that allegation.

16.   Defendant admits that Plaintiffs were employed as linguists by Metropolitan. Defendant further admits that the scope of Plaintiffs' work pursuant to the contract between the Drug Enforcement Administration ("DEA") and Metropolitan required Plaintiffs to acquire and maintain DEA security access in order to gain unescorted access to DEA facilities and access to DEA Sensitive information.  Except as expressly admitted, Defendant denies the allegations of Paragraph 16 of the FAC.

17.   Defendant admits that Plaintiffs were employed as linguists by Metropolitan. Defendant further admits that the scope of Plaintiffs' work pursuant to the contract between the DEA and Metropolitan required Plaintiffs to acquire and maintain DEA security access in order to gain unescorted access to DEA facilities and access to DEA Sensitive information.  Except as expressly admitted, Defendant denies the allegations of Paragraph 17 of the FAC.

18.   Defendant denies the allegations of Paragraph 18 of the FAC.

19.   The allegations of Paragraph 19 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

20.   The allegations of Paragraph 20 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies

1    those allegations.

2         21.    The allegations of Paragraph 21 of the FAC state a legal conclusion to which no

3    response is required, but to the extent a response to the allegations is required, Defendant denies

4    those allegations.

5         22.    The allegations of Paragraph 22 of the FAC state a legal conclusion to which no

6    response is required, but to the extent a response to the allegations is required, Defendant denies

7    those allegations.

8         23.    The allegations of Paragraph 23 of the FAC state a legal conclusion to which no

9    response is required, but to the extent a response to the allegations is required, Defendant denies

10   those allegations.

11        24.    Defendant admits that Plaintiffs were employed as linguists by Metropolitan.

12   Defendant further admits that the scope of Plaintiffs' work pursuant to the contract between the

13   DEA and Metropolitan required Plaintiffs to acquire and maintain DEA security access in order

14   to gain unescorted access to DEA facilities and access to DEA Sensitive information.  The

15   remaining allegations of Paragraph 24 of the FAC state a legal conclusion to which no response is

16   required, but to the extent a response to the allegations is required, Defendant denies those

17   allegations.

18        25.    Defendant admits that Plaintiffs were employed as linguists by Metropolitan.

19   Defendant further admits that the scope of Plaintiffs' work pursuant to the contract between the

20   DEA and Metropolitan required Plaintiffs to acquire and maintain DEA security access in order

21   to gain unescorted access to DEA facilities and access to DEA Sensitive information.  Except as

22   expressly admitted, Defendant denies the allegations of Paragraph 25 of the FAC.

23        26.    The allegations of Paragraph 26 of the FAC state a legal conclusion to which no

24   response is required, but to the extent a response to the allegations is required, Defendant denies

25   those allegations.

26        27.    The allegations of Paragraph 27 of the FAC state a legal conclusion to which no

27   response is required, but to the extent a response to the allegations is required, Defendant denies

28   those allegations.

28.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 28 of the FAC.  Additionally, the allegations of Paragraph 28 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

29.     Defendant admits that the DEA required Plaintiffs to acquire and maintain DEA security access in order to gain access to DEA facilities and to be assigned to work on projects under Metropolitan's contract with the DEA.  Except as expressly admitted, Defendant denies the allegations of Paragraph 29 of the FAC.

30.     The allegations of Paragraph 30 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

31.     The allegations of Paragraph 31 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

32.     The allegations of Paragraph 32 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

33.     The allegations of Paragraph 33 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

34.     Defendant admits that polygraphers under the direction of the DEA administered polygraph tests to some but not all of the Plaintiffs.  Defendant admits that it communicated to employees when and where the DEA would administer polygraph tests.  Except as expressly admitted, Defendant denies the allegations of Paragraph 34 of the FAC.

35.     Defendant admits that DEA agents were not authorized to make representations on behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan employees regarding security issues; therefore, in order to ensure that Metropolitan employees

1   received accurate information regarding security issues, including polygraph testing, Metropolitan

2   informed its employees that questions regarding security issues, including polygraph testing, were

3   to be addressed through the designated channel by Defendant, not the DEA.  Except as expressly

4   admitted, Defendant denies the allegations of Paragraph 35 of the FAC.

5         36.   Defendant denies the allegations of Paragraph 36 of the FAC.

6         37.   Defendant admits that DEA agents were not authorized to make representations on

7   behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and

8   Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan

9   employees regarding security issues; therefore, in order to ensure that Metropolitan employees

10   received accurate information regarding security issues, including polygraph testing, Metropolitan

11   informed its employees that questions regarding security issues, including polygraph testing, were

12   to be addressed through the designated channel by Defendant, not the DEA.   Except as expressly

13   admitted, Defendant denies the allegations of Paragraph 37 of the FAC.

14         38.   Defendant admits that DEA agents were not authorized to make representations on

15   behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and

16   Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan

17   employees regarding security issues; therefore, in order to ensure that Metropolitan employees

18   received accurate information regarding security issues, including polygraph testing, Metropolitan

19   informed its employees that questions regarding security issues, including polygraph testing, were

20   to be addressed through the designated channel by Defendant, not the DEA.   Except as expressly

21   admitted, Defendant denies the allegations of Paragraph 38 of the FAC.

22         39.   Defendant admits that DEA agents were not authorized to make representations on

23   behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and

24   Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan

25   employees regarding security issues; therefore, in order to ensure that Metropolitan employees

26   received accurate information regarding security issues, including polygraph testing, Metropolitan

27   informed its employees that questions regarding security issues, including polygraph testing, were

28   to be addressed through the designated channel by Defendant, not the DEA.   Except as expressly

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 12CV0460

1    admitted, Defendant denies the allegations of Paragraph 39 of the FAC.

2        40.    Defendant admits that DEA agents were not authorized to make representations on

3    behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and

4    Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan

5    employees regarding security issues; therefore, in order to ensure that Metropolitan employees

6    received accurate information regarding security issues, including polygraph testing, Metropolitan

7    informed its employees that questions regarding security issues, including polygraph testing, were

8    to be addressed through the designated channel by Defendant, not the DEA.  Except as expressly

9    admitted, Defendant denies the allegations of Paragraph 40 of the FAC.

10       41.    Defendant denies the allegations of Paragraph 41 of the FAC.

11       42.    Defendant denies the allegations of Paragraph 42 of the FAC.

12       43.    Defendant denies the allegations of Paragraph 43 of the FAC.

13       44.    Defendant denies the allegations of Paragraph 44 of the FAC.

14       45.    Defendant admits that upon the DEA's revocation of the DEA required security

15   access, R.P. communicated to one or more of the Plaintiffs that they were on "laid off" status,

16   which meant that the DEA would no longer allow that individual to work on DEA projects and,

17   therefore, he or she was pending reassignment to another project.  Except as expressly admitted,

18   Defendant denies the allegations of Paragraph 45 of the FAC.

19       46.    Defendant denies the allegations of Paragraph 46 of the FAC.

20       47.    Defendant admits that B.A. communicated to Plaintiffs where and when the DEA

21   would administer the polygraph tests.  Defendant further admits that when the DEA would alter

22   the date and/or time of a particular polygraph test, B.A. would communicate that information to

23   the employee, and at times, would communicate that information via text message.  Except as

24   expressly admitted, Defendant denies the allegations of Paragraph 47 of the FAC.

25       48.    Defendant admits that B.A. communicated to Plaintiff M.G. where and when the

26   DEA would administer the polygraph test to him.  Defendant further admits that the DEA

27   administered a polygraph test to Plaintiff M.G. in or about July 2011 at a DEA facility, and after

28   the test, the DEA escorted Plaintiff M.G. from the DEA facility.  Defendant denies that it

1    terminated M.G.'s employment.  Defendant lacks sufficient knowledge or information to form a

2    belief as to the truth of the remaining allegations of Paragraph 48 of the FAC, and on that basis,

3    denies those allegations.

4         49.    Defendant admits that B.A. communicated to Plaintiff F.M. where and when the

5    DEA would administer the polygraph test to him.  Defendant further admits that the DEA

6    administered a polygraph test to Plaintiff F.M. in or about July 2011 at a DEA facility, and after

7    the test, the DEA escorted Plaintiff F.M. from the DEA facility.  Defendant denies that it

8    effectively discharged F.M. from employment.  Defendant lacks sufficient knowledge or

9    information to form a belief as to the truth of the remaining allegations of Paragraph 49 of the

10   FAC, and on that basis, denies those allegations.

11        50.    Defendant admits that B.A. communicated to Plaintiff L.A. where and when the

12   DEA would administer the polygraph test to her.  Defendant further admits that the DEA

13   administered a polygraph test to Plaintiff L.A. in or about August 2011 at a DEA facility.

14   Defendant denies that it terminated L.A.'s employment.  Defendant lacks sufficient knowledge or

15   information to form a belief as to the truth of the remaining allegations of Paragraph 50 of the

16   FAC, and on that basis, denies those allegations.

17        51.    Defendant admits that B.A. communicated to Plaintiff J.M. where and when the

18   DEA would administer the polygraph test to him.  Defendant further admits that the DEA

19   administered a polygraph test to Plaintiff J.M. in or about August 2011 at a DEA facility, and

20   after the test, the DEA escorted Plaintiff J.M. from the DEA facility.  Defendant further admits

21   that Plaintiff J.M. requested that the DEA administer to him a subsequent polygraph test, and no

22   subsequent test was administered.  Defendant denies that it terminated J.M.'s employment.

23   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

24   remaining allegations of Paragraph 51 of the FAC, and on that basis, denies those allegations.

25        52.    Defendant admits that B.A. communicated to Plaintiff L.G. where and when the

26   DEA would administer the polygraph test to her.  Defendant further admits that the DEA

27   administered a polygraph test to Plaintiff L.G. in or about September 2011 at a DEA facility.

28   Defendant further admits that Plaintiff L.G. had acquired security access required by ICE in order

1  to work on projects under Metropolitan's contract with ICE, and that Plaintiff L.G. had been

2  assigned to ICE projects. Defendant further admits that ICE did not then require that all

3  Metropolitan employees submit to polygraph tests as a condition of the required security access.

4  Defendant denies that it notified ICE that Plaintiff L.G. had failed the DEA administered

5  polygraph exam. Defendant denies that it "effectively discharged" L.G. from her employment

6  with Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the

7  truth of the remaining allegations of Paragraph 52 of the FAC, and on that basis, denies those

8  allegations.

9         53.    Defendant admits that B.A. communicated to Plaintiff F.B. where and when the

10  DEA would administer the polygraph test to him. Defendant further admits that the DEA

11  administered a polygraph test to Plaintiff F.B. in or about September 2011 at a DEA facility.

12  Defendant denies that it "discharged" Plaintiff F.B. from his employment with Defendant.

13  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

14  remaining allegations of Paragraph 53 of the FAC, and on that basis, denies those allegations.

15        54.    Defendant admits that B.A. communicated to Plaintiff M.N. where and when the

16  DEA would administer the polygraph test to him. Defendant admits that Plaintiff M.N. provided

17  Metropolitan with a written statement in which she set forth the reasons why she declined to

18  submit to the DEA-administered polygraph test. Defendant denies that it "fired" Plaintiff M.N.

19  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

20  remaining allegations of Paragraph 54 of the FAC, and on that basis, denies those allegations.

21        55.    Defendant admits that B.A. communicated to Plaintiff R.G. where and when the

22  DEA would administer the polygraph test to him. Defendant further admits that Plaintiff R.G.

23  communicated to B.A. that he declined to submit to the DEA-administered polygraph test.

24  Defendant further admits that Plaintiff R.G. had acquired security access required by ICE in order

25  to work on projects under Metropolitan's contract with ICE, and that Plaintiff R.G. had been

26  assigned to ICE projects. Defendant further admits that ICE did not then require that all

27  Metropolitan employees submit to polygraph tests as a condition of the required security access.

28  Defendant denies that it notified ICE that Plaintiff R.G. had taken and failed the DEA

1  administered polygraph exam.  Defendant admits that ICE terminated Plaintiff R.G.'s security

2  access, which ICE required in order to gain access to ICE facilities and to be assigned to work on

3  projects under Metropolitan's contract with ICE.  Defendant further admits that R.G. contacted

4  L.L. and B.A. regarding the return of his DEA identification card.  Defendant denies that it

5  terminated or discharged R.G.  Defendant further denies that B.A. communicated to R.G. that he

6  was no longer employed by Defendant.  Defendant lacks sufficient knowledge or information to

7  form a belief as to the truth of the remaining allegations of Paragraph 55 of the FAC, and on that

8  basis, denies those allegations.

9         56.    Defendant admits that B.A. communicated to Plaintiff L.S. where and when the

10  DEA would administer the polygraph test to her.  Except as expressly admitted, Defendant denies

11  the allegations of Paragraph 56 of the FAC.

12         57.    Defendant admits that Plaintiff L.S. submitted to a DEA-administered polygraph

13  test.  Defendant admits that after the DEA administered the polygraph test to Plaintiff L.S., the

14  DEA instructed Plaintiff L.S. to return to work.  Defendant admits that after Plaintiff L.S.

15  returned to work, the DEA contacted B.A. and instructed B.A. to communicate to L.S. that L.S.

16  was to be escorted out of the DEA facility.  Except as expressly admitted, Defendant denies the

17  allegations of Paragraph 57 of the FAC.

18         58.    Defendant admits that B.A. communicated to Plaintiff E.R. where and when the

19  DEA would administer the polygraph test to him.  Defendant further admits that Plaintiff E.R.

20  had acquired security access required by ICE in order to work on projects under Metropolitan's

21  contract with ICE, and that Plaintiff E.R. had been assigned to ICE projects in 2012.  Except as

22  expressly admitted, Defendant denies the allegations of Paragraph 58 of the FAC.

23         59.    Defendant admits that when the DEA modified the date and time it was scheduled

24  to administer a polygraph test to a particular individual, Defendant communicated that

25  information to the employee.  Defendant denies the remaining allegations of Paragraph 59 of the

26  FAC.

27         60.    Defendant admits that DEA agents were not authorized to make representations on

28  behalf of the DEA regarding security issues, and pursuant to the contract between the DEA and

Metropolitan, DEA agents were prohibited from communicating directly with Metropolitan employees regarding security issues; therefore, in order to ensure that Metropolitan employees received accurate information regarding security issues, including polygraph testing, Metropolitan informed its employees that questions regarding security issues, including polygraph testing, were to be addressed through the designated channel by Defendant, not the DEA.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 60 of the FAC.

61.     Defendant admits that representatives of the DEA administered polygraph tests to Metropolitan employees during working hours.  Defendant denies that submission to the polygraph tests was part of Plaintiffs' employment by Metropolitan, and while Defendant did not require, request, suggest or cause its employees to submit to DEA-administered polygraph tests, Defendant admits that when the polygraphs were administered during the employee's scheduled shift, the employee received his or her full compensation for the time he or she spent submitting to the DEA-administered polygraph tests.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 61 of the FAC.

62.     Defendant denies the allegations of Paragraph 62 of the FAC.

63.     Defendant admits that Plaintiffs are former or current employees of Metropolitan. The remaining allegations of Paragraph 63 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

64.     The allegations of Paragraph 64 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

## V.
### FIRST CAUSE OF ACTION
### VIOLATION OF EMPLOYEE POLYGRAPH PROTECTION ACT
### 29 USC § 2002(1)

65.     Defendant restates and incorporates by reference its responses to the allegations in preceding paragraphs of the FAC.

66.     The allegations of Paragraph 66 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

67.     The allegations of Paragraph 67 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

68.     Defendant admits that it is a privately held company.  The remaining allegations of Paragraph 68 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

69.     Defendant denies the allegations of Paragraph 69 of the FAC.

70.     Defendant denies the allegations of Paragraph 70 of the FAC.

71.     Defendant denies the allegations of Paragraph 71 of the FAC.

**VI.**
**SECOND CAUSE OF ACTION**
**VIOLATION OF EMPLOYEE POLYGRAPH PROTECTION ACT**
**29 USC § 2002(2)**

72.     Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

73.     The allegations of Paragraph 73 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

74.     Defendant admits that it was notified by the DEA at the conclusion of a polygraph test when an employee's security access was no longer valid and the employee was to be escorted from the DEA facility.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 74 of the FAC.

75.     Defendant denies the allegations of Paragraph 75 of the FAC.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

CASE NO. 12CV0460

## VII.
## THIRD CAUSE OF ACTION
## VIOLATION OF EMPLOYEE POLYGRAPH PROTECTION ACT
### 29 USC § 2002(3)

76.     Defendant restates and incorporates by reference its responses to the allegations in preceding paragraphs of the FAC.

77.     The allegations of Paragraph 77 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

78.     Defendant denies the allegations of Paragraph 78 of the FAC.

79.     Defendant denies the allegations of Paragraph 79 of the FAC.

80.     Defendant denies the allegations of Paragraph 80 of the FAC.

81.     Defendant denies the allegations of Paragraph 81 of the FAC.

82.     Defendant denies the allegations of Paragraph 82 of the FAC.

83.     Defendant denies the allegations of Paragraph 83 of the FAC.

84.     Defendant denies the allegations of Paragraph 84 of the FAC.

## X.
## SIXTH CAUSE OF ACTION
## CIVIL CONSPIRACY TO VIOLATE THE EPPA

103.     Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

104.     Defendant denies the allegations of Paragraph 104 of the FAC.

105.     Defendant denies the allegations of Paragraph 105 of the FAC.

106.     Defendant denies the allegations of Paragraph 106 of the FAC.

107.     Defendant denies the allegations of Paragraph 107 of the FAC.

108.     Defendant denies the allegations of Paragraph 108 of the FAC.

109.     Defendant admits that Defendant B.A. communicated to Plaintiffs where and when the DEA would administer the polygraph tests.  Defendant further admits that when the DEA would alter the date and/or time of a particular polygraph test, Defendant B.A. would communicate that information to the individual at issue, and at times, would communicate that

1  information via text message.  Defendant admits that DEA agents were not authorized to make

2  representations on behalf of the DEA regarding security issues, and pursuant to the contract

3  between the DEA and Metropolitan, DEA agents were prohibited from communicating directly

4  with Metropolitan employees regarding security issues; therefore, in order to ensure that

5  Metropolitan employees received accurate information regarding security issues, including

6  polygraph testing, Metropolitan informed its employees that questions regarding security issues,

7  including polygraph testing, were to be addressed through the designated channel by Defendant,

8  not the DEA.  Defendant further admits that upon the DEA's revocation of the DEA required

9  security access, Defendant communicated to certain employees that they were on "laid off" status,

10  which meant only that the DEA would no longer allow that individual to work on DEA projects

11  and, therefore, he or she was pending reassignment to another project.   Except as expressly

12  admitted, Defendant denies the allegations of Paragraph 109 of the FAC.

13      110.   Defendant denies the allegations of Paragraph 110 of the FAC.

14      111.   Defendant denies the allegations of Paragraph 111 of the FAC.

## XII.
## EIGHTH CAUSE OF ACTION
### FRAUD

18      130.   Defendant restates and incorporates by reference its responses to the allegations in

19  the preceding paragraphs of the FAC.

20      131.   Defendant denies the allegations of Paragraph 131 of the FAC.

21      132.   Defendant admits that it communicated to employees that the Employee Polygraph

22  Protection Act applies in situations where the employer is requiring the polygraph, and

23  Metropolitan was not requiring the polygraph.  Defendant denies that it communicated to its

24  employees that they were legally required to submit to the DEA-administered polygraph tests.

25  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 132 of the

26  FAC.

27      133.   Defendant admits that it communicated to its employees that the DEA was

28  requiring polygraph tests.  Defendant further admits that it communicated to employees that the

1    Employee Polygraph Protection Act applies in situations where the employer is requiring the

2    polygraph, and Metropolitan was not requiring the polygraph.  Except as expressly admitted,

3    Defendant denies the remaining allegations of Paragraph 133 of the FAC.

4           134.    Defendant admits that it communicated to employees that the Employee Polygraph

5    Protection Act applies in situations where the employer is requiring the polygraph, and

6    Metropolitan was not requiring the polygraph.  Except as expressly admitted, Defendant denies

7    the remaining allegations of Paragraph 134 of the FAC.

8           135.    Defendant admits that Defendant communicated to employees that employees who

9    did not meet DEA's requirement are not terminated unless there is a criminal act involved.

10   Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 135 of the

11   FAC.

12          136.    Defendant admits that it communicated to employees that they would not be

13   discharged by Defendant if they failed or declined to take a polygraph test, and that Defendant

14   would consider them for future work.  Except as expressly admitted, Defendant denies the

15   remaining allegations of Paragraph 136 of the FAC.

16          137.    Defendant denies the allegations of Paragraph 137 of the FAC.

17          138.    Defendant admits that upon the DEA's revocation of the DEA required security

18   access, Defendant communicated to certain employees that they were on "laid off" status, which

19   meant only that the DEA would no longer allow that individual to work on DEA projects and,

20   therefore, he or she was pending reassignment to another project.  Except as expressly admitted,

21   Defendant denies the allegations of Paragraph 138 of the FAC.

22          139.    Defendant denies the allegations of Paragraph 139 of the FAC.

23          140.    Defendant denies the allegations of Paragraph 140 of the FAC.

24          141.    Defendant admits that ICE made the decision to revoke certain employees'

25   security access, which ICE required in order to gain access to ICE facilities and to be assigned to

26   work on projects under Defendant's contract with ICE.   Defendant further admits that ICE

27   communicated to Defendant the revocation of certain employees' security access.  Except as

28   expressly admitted, Defendant denies the allegations of Paragraph 141.

142.    Defendant admits that it communicated to its employees that their employment with Defendant was not terminated as a result of the revocation of their DEA and/or ICE security access, and Defendant would consider them for future work.  Defendant further admits that it communicated to certain employees that there was no available work at the time that did not require DEA and/or ICE security access.  Except as expressly admitted, Defendant denies the allegations of Paragraph 142 of the FAC.

143.    Defendant denies the allegations of Paragraph 143 of the FAC.

144.    Defendant denies the allegations of Paragraph 144 of the FAC.

## XIII.
## NINTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

145.    Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

146.    Defendant restates and incorporates by reference its responses to the allegations in Paragraphs 131-136, 138 and 142 of the FAC.

147.    Defendant denies the allegations of Paragraph 147 of the FAC.

148.    Defendant denies the allegations of Paragraph 148 of the FAC.

149.    Defendant denies the allegations of Paragraph 149 of the FAC.

150.    Defendant denies the allegations of Paragraph 150 of the FAC.

151.    The allegations of Paragraph 151 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

152.    Defendant denies the allegations of Paragraph 152 of the FAC.

## XIV.
## TENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

153.    Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

154.    Defendant denies the allegations of Paragraph 154 of the FAC.

155.    Defendant denies the allegations of Paragraph 155 of the FAC.

156.    Defendant denies the allegations of Paragraph 156 of the FAC.

## XV.
## ELEVENTH CAUSE OF ACTION
## NEGLIGENCE

157.    Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

158.    Defendant denies the allegations of Paragraph 158 of the FAC.

159.    Defendant denies the allegations of Paragraph 159 of the FAC.

160.    Defendant denies the allegations of Paragraph 160 of the FAC.

161.    Defendant denies the allegations of Paragraph 161 of the FAC.

162.    The allegations of Paragraph 162 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

163.    Defendant denies the allegations of Paragraph 163 of the FAC.

## XVI.
## TWELFTH CAUSE OF ACTION
## [INJUNCTIVE RELIEF]

164.    Defendant restates and incorporates by reference its responses to the allegations in the preceding paragraphs of the FAC.

165.    Defendant denies the allegations of Paragraph 165 of the FAC.

166.    Defendant denies the allegations of Paragraph 166 of the FAC.

167.    Defendant denies the allegations of Paragraph 167 of the FAC.

168.    Defendant denies the allegations of Paragraph 168 of the FAC.

169.    The allegations of Paragraph 169 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies those allegations.

170.    Defendant denies the allegations of Paragraph 170 of the FAC.

## XVII.
## NOTICE OF INTENT TO JOIN DEA AND DEA PERSONNEL AS DEFENDANTS

1.     Defendant denies the allegations of Paragraph 1 of this Section XVII (Notice of Intent to Join DEA and DEA Personnel as Defendants) of the FAC.

2.     The allegations of Paragraph 2 of this Section XVII (Notice of Intent to Join DEA and DEA Personnel as Defendants) of the FAC state Plaintiffs' intention regarding the addition of DEA and DEA personnel as defendants, which requires no response by Defendant; however, to the extent a response to these allegations is required, Defendant denies those allegations.

3.     The allegations of Paragraph 3 of this Section XVII (Notice of Intent to Join DEA and DEA Personnel as Defendants) of the FAC state Plaintiffs' intention regarding the addition of DEA and DEA personnel as defendants, as well as legal conclusions, neither of which require a response by Defendant; however, to the extent a response to these allegations is required, Defendant denies those allegations.

4.     The allegations of Paragraph 3 of this Section XVII (Notice of Intent to Join DEA and DEA Personnel as Defendants) of the FAC state Plaintiffs' intention regarding the addition of DEA and DEA personnel as defendants, which requires no response by Defendant; however, to the extent a response to these allegations is required, Defendant denies those allegations.

## XVIII.
## PUNITIVE DAMAGES

Defendant denies the allegations of this Section XVIII (Punitive Damages) of the FAC.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.     The FAC, and each purported claim for relief alleged in it, fails to state a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Plead Claims With Required Specificity)

2.     The FAC, as well as each and every alleged claim for relief therein, is barred in

1  whole or in part because Plaintiffs failed to alleges facts with the requisite accuracy and

2  specificity to state a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

(No Damages)

5  3.      The FAC fails to allege facts sufficient to entitle Plaintiffs to an award of general,

6  compensatory, or punitive damages.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

9  4.      Plaintiffs, in the exercise of reasonable diligence, could have mitigated the alleged

10 monetary and other damages to themselves, but Plaintiffs failed to exercise reasonable diligence

11 and have not mitigated such alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

(Good Faith)

14 5.      Any and all actions taken by Defendant were fair and reasonable and were

15 performed in good faith based on all relevant facts known to Defendant at the time.

### SIXTH AFFIRMATIVE DEFENSE

(No Basis for Punitive Damages)

18 6.      Plaintiff is not entitled to recover punitive damages because neither Defendant nor

19 any of its employees or agents have committed fraudulent, oppressive, malicious, willful, or

20 egregious acts giving rise to liability, nor have they displayed reckless indifference to Plaintiffs'

21 rights and Plaintiffs have not adequately pled a claim for punitive damages under California Civil

22 Code Section 3294.

### SEVENTH AFFIRMATIVE DEFENSE

(Superseding Cause)

25 7.      The FAC, and each purported claim for relief alleged in it, is barred because any

26 losses or damages allegedly suffered by Plaintiffs were directly and proximately caused and

27 contributed to by the failure to exercise ordinary care, caution or prudence of persons and/or

28 entities other than Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Third Party)

8.     Defendant alleges that some or all of Plaintiffs' claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, that at all times, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the SAC.

## NINTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory Business Reasons)

9.     Defendant alleges that some or all of Plaintiffs' claims are barred because the Defendant had legitimate, non-discriminatory and non-retaliatory business reasons for any actions it took with respect to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

(Consent)

10.     The FAC, and each purported claim for relief alleged in it, is barred because Plaintiffs consented to the procedures that Plaintiffs now contend caused damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11.     The FAC, and each purported claim for relief therein, are barred by the doctrine of unclean hands or other inequitable conduct.

## TWELFTH AFFIRMATIVE DEFENSE

(Preemption)

12.     Plaintiffs' state law claims are barred because they are preempted by federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

13.     The FAC, and each claim for relief alleged therein, is barred because Plaintiffs, by reason of their own conduct and actions, have waived any right to assert their claims for relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Proximate Causation)

14.     Plaintiff cannot prove any facts showing that Defendant's conduct was the proximate cause of the losses incurred, if any, and the damages sought in the FAC, which are denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Attorney's Fees)

15.     To the extent Plaintiffs seek an award of attorneys' fees or costs, the FAC fails to state facts sufficient to support such an award.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Injunctive Relief)

16.     Defendant alleges that Plaintiffs are not entitled to the injunctive relief sought in the FAC because Plaintiffs have adequate remedies at law for the claims and injuries alleged therein and/or because the alleged conduct that Plaintiffs seek to enjoin is neither actively occurring nor threatened.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

17.     Plaintiffs' recovery from Defendant, if any, is barred or, in the alternative, reduced by the doctrine of after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

18.     The FAC does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist.  Defendant will rely on any and all further defenses that may become available or appear during discovery in this action.  Defendant reserves the right to amend this Answer for the purpose of asserting such additional defenses.

WHEREFORE, Defendant prays that this Court enter judgment:

1.     Dismissing the FAC in its entirety with prejudice;

2.      Awarding Defendant its attorneys' fees and costs in this

action; and

3.      For any other relief this Court may deem just and proper.

Dated: August 1, 2012                    MANATT, PHELPS & PHILLIPS, LLP
                                         REBECCA L. TORREY
                                         ERIN C. WITKOW


                                         By: s/ Erin C. Witkow
                                             Erin C. Witkow
                                             *Attorneys for Defendant*
                                             METROPOLITAN INTERPRETERS AND
                                             TRANSLATORS, INC.

303510695.3

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 12CV0460

**PROOF OF SERVICE**

I, Terrie A. Auzenne, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On **August 1, 2012,** I served a copy of the within document(s):

**METROPOLITAN INTERPRETERS AND TRANSLATORS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

[X]   by electronically filing with the U.S. District Court, Southern District E-Filing website the document(s) listed above to the email addresses set forth below on this date.

[ ]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

[ ]   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Eugene G. Iredale
egiredale@yahoo.com
Julia Yoo
yooesq@msn.com
Iredale & Yoo, APC
105 West F Street, 4th Floor
San Diego, CA 91201-6036

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 1, 2012**, at Los Angeles, California.

_____
Terrie Auzenne

301866924.1