# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., et al., | CASE NO. 12cv460-JM (MDD) |
| Plaintiffs, | ORDER GRANTING MOTION TO STAY DISCOVERY |
| vs. | [ECF NO. 52] |
| METROPOLITAN INTERPRETERS and TRANSLATORS, INC., et al., | |
| Defendants. | |

Before the Court is the motion of the Federal defendants[1] filed on February 13, 2013, to stay discovery. (ECF No. 52). According to the Federal defendants, the Plaintiffs do not oppose. The non-Federal defendants, however, consisting of Metropolitan Interpreters and Translators, Inc. , and individual defendants employed by Metropolitan identified by their initials, J.C., R.P., M.L. and B.A., have opposed any stay regarding their cases. (ECF No. 53).[2]

---

[1] The Federal defendants are the United States of America and Eileen Zeidler, Sondra Hester, Darek Kitlinski and William R. Sherman. The individual defendants are employees of the United States Drug Enforcement Administration. (ECF No. 52 at 1-2).

[2] It is not clear whether Metropolitan is opposing the stay only for itself or also on behalf of its named employees. (*See* ECF No. 53). Since the named employees are represented by the same counsel and their interests appear aligned, for now, with Metropolitan, the Court will assume that Metropolitan is opposing the motion to stay

Plaintiffs are current and former employees of Metropolitan who worked as linguists.  According to Plaintiffs, Metropolitan had a contract with the Drug Enforcement Administration for translation services and Plaintiffs were assigned work, from time to time, pursuant to that contract.  Plaintiffs main allegations are that they suffered adverse employment action and were otherwise damaged or aggrieved by being subjected to polygraph examinations by Drug Enforcement Administration personnel allegedly in violation of the Employee Polygraph Protection Act, 29 U.S.C. § 2002.

## Procedural History

The Complaint was filed on February 23, 2012, and named only Metropolitan and certain of its employees.  (ECF No. 1).  The Complaint was amended with the filing of the First Amended Complaint on April 5, 2012, which again was limited to Metropolitan and certain employees.  (ECF No. 14).  Following resolution of pre-answer motions, Metropolitan and the named employees filed their Answer on August 1, 2012.  (ECF No. 21).  An Early Neutral Evaluation with the Court was held on September 10, 2012.  (ECF Nos. 27, 28).  A Case Management Conference was held on October 30, 2012.  (ECF No. 33).   On that same day, the Court granted Plaintiffs' unopposed Motion and allowed the filing of the Second Amended Complaint.  (ECF Nos. 29, 30).  The Federal defendants were added to the case at that time.  The Federal defendants have not answered the Complaint, instead moving, on January 29, 2013, to dismiss the Second Amended Complaint as to all Federal defendants on grounds of sovereign and qualified immunity.  (ECF No. 48).

Discovery commenced between Plaintiffs and the non-Federal

for all non-Federal defendants.

defendants with the exchange of initial disclosures pursuant to Fed.R.Civ.P. 26(a) no later than October 26, 2012. (ECF No. 28 at 1-2). Formal discovery has been open between them at least as of October 30, 2012, if not earlier. (*See* ECF No. 53 at 1).

## Discussion

The Federal defendants seek to have discovery completely stayed pending the outcome of their motion to dismiss. (ECF No. 52 at 5-6). Alternatively, the Federal defendants seek a stay of discovery only as to them and request leave to re-open depositions taken during the stay period if they remain in the case. (*Id.* at 6).

The Court agrees with the Federal defendants that, at a minimum, discovery should be stayed as to them. A defendant asserting immunity should be free from all burdens of litigation. *See Ashcroft v. Iqbal,* 556 U.S. 662, 685 (2009). Although *Iqbal* involved the assertion of qualified immunity, the Court agrees that the same view should obtain with regard to the assertion of sovereign immunity. *See, e.g., Lindhurst v. USA, Social Security Administration*, 2012 WL 5381576 *2 (D. Colo. October 31, 2012).

The more challenging question is whether to stay discovery completely or to allow discovery otherwise to proceed. In *Iqbal*, the Supreme Court stayed discovery for all defendants stating that to do otherwise would not truly relieve the stayed defendants from the burdens of discovery. The Court stated:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. at 685.

Other courts, although recognizing this statement from *Iqbal* as dicta, nevertheless have agreed that all discovery should be stayed when any defendant raises an immunity defense.  *See A.A. v. Martinez,* 2012 WL 5974170 *1-2 (D. Colo. October 9, 2012).

The Court is not convinced that an automatic stay of all discovery is required in every case in which a defendant raises a claim of immunity.  Rather, the Court should consider the nature of the case and the extent to which proceeding with discovery as to other parties likely would prejudice the stayed defendants, the impact on other parties and the court.  Courts are empowered to fashion such protective orders as may be needed to protect the stayed defendants and maintain efficiency if the circumstances of the case so suggest.  *See* Fed.R.Civ.P. 26(c).

In this case, it appears that the conduct of the government actors is inextricably intertwined with the allegations against the non-Federal defendants.  The gravamen of the defense for the non-Federal defendants is that the Federal defendants required the polygraph examinations and the contract required that any communications between DEA and Metropolitan were required to flow through Metropolitan. (*See, e.g.,* Answer to Amended Complaint, ECF No. 34 at ¶¶ 38, 46, 58).  Consequently, discovery into the actions of the Federal defendants, whether obtained from Plaintiffs, from the non-Federal defendants or from third parties, is critical to establishing facts to support the defense of the non-Federal defendants.  The concerns expressed in *Iqbal* regarding potential prejudice to stayed defendants appears real in this case if discovery is allowed otherwise to proceed.

The Court appreciates the frustration expressed by the non-Federal defendants but cannot conceive of a protective order that would

adequately protect the Federal defendants during the stay. It is not a satisfactory solution to allow discovery otherwise to proceed. To avoid prejudicing their position, the Federal defendants, through counsel, either would have to attend the depositions that may occur or would have to seek leave to re-take depositions in which their interests have not been adequately explored or in which their position has been mischaracterized. With the first option, the burden of discovery would not been lifted as required by law. With the second option, witnesses and other parties may have to be re-deposed which is inefficient and burdensome.

## Conclusion

The motion of the Federal defendants to stay discovery pending a ruling on their Motion to Dismiss is **GRANTED.** Discovery is stayed for all parties until further Order of this Court. The parties are instructed to contact this Court within three (3) business days of the ruling on the pending Motion to Dismiss (ECF No. 48) for further proceedings.

IT IS SO ORDERED.

DATED: February 26, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge