**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.G., G.M., L.A., J.M., L.G., F.B., M.N., R.G., L.S., and E.R.,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN INTERPRETERS AND TRANSLATORS, INC., J.C., L.L., R.P., M.L., B.A., UNITED STATES OF AMERICA, EILEEN ZEIDLER, SONDRA HESTER, DAREK KITLINSKI, and WILLIAM R. SHERMAN,<br><br>Defendants. | CASE NO. 12cv0460 JM(MDD)<br><br>ORDER DENYING IN PART MOTION TO DISMISS; REQUESTING FURTHER BRIEFING |

Defendants United States of America, Eileen Zeidler, Sondra Hester, Darek Kitlinski, and William R. Sherman (collectively the "Federal Defendants") move to dismiss the complaint due to lack of subject matter jurisdiction. Plaintiffs M.G., G.M., L.A., J.M., L.G., F.B., M.N., R.G., L.S., and E.R. (collectively "Plaintiffs") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to dismiss based upon sovereign immunity concerns arising from 29 U.S.C. §2006 and requests further briefing regarding whether Plaintiffs may maintain a private right of action against the Federal Defendants pursuant to the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. §2001 et seq.

**BACKGROUND**

On October 10, 2012, Plaintiffs filed the operative Second Amended Complaint ("SAC") alleging nine causes of action: (1) violation of EPPA, 29 U.S.C. §2002(1); (2)

violation of EPPA, 29 U.S.C. §2002(2); (3) violation of EPPA, 29 U.S.C. §2002(3); (4) civil conspiracy; (5) fraud; (6) negligent misrepresentation; (7) intentional infliction of emotional distress; (8) negligence; and (9) permanent injunction and other equitable relief. Plaintiffs allege jurisdiction based upon federal question jurisdiction, 28 U.S.C. §1331 and 29 U.S.C. §2001 et seq., and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a). (SAC ¶¶1, 2). Defendants Eileen Zeidler, Sondra Hester, Darek Kitlinski, and William R. Sherman are employees of the Drug Enforcement Agency ("DEA").

Plaintiffs' claims relate to their employment as linguists with Metropolitan Interpreters and Translators, Inc. ("Metropolitan"). Defendants J.C., L.L., R.P., M.L., and B.A. are employees of Metropolitan. (SAC ¶¶7-11). Metropolitan provides translation, transcription and interpretation services to the law enforcement community, government agencies, and private corporations. (SAC ¶18). Plaintiffs provide the following summary of their case:

> In 2011, Metropolitan and DEA requested, required and demanded that all linguists working in their San Diego and Imperial County offices take polygraph exams. Defendant B.A., the Metropolitan site supervisor in San Diego, made all arrangements for Plaintiffs to take the DEA administered polygraph exams as a condition of employment. If the employees "failed" or refused the test, or had inconclusive results, they would lose their "clearance" to be in the DEA offices, meaning that they would be terminated from their jobs.
>
> Metropolitan was not conducting an investigation involving economic loss to Metropolitan. Nor did Metropolitan have any individualized suspicion that any of the Plaintiffs had committed a crime or engaged in wrongdoing. Rather, Defendants imposed the blanket requirement that every linguist in San Diego and Imperial County take polygraphs. Defendants provided no written material to Plaintiffs which explained the purpose of these mandatory tests nor the basis for any investigation or suspicion; nor did Defendants give written notice of the employees' rights under federal and state law.
>
> One of the polygraphists, Defendant Eileen Zeidler, asked grossly inappropriate and personal questions to some of the Plaintiffs. These questions were demeaning and humiliating. DEA agents pressured Plaintiffs into "telling the truth" or accused Plaintiffs of lying. Agents escorted Plaintiffs out of the building in a humiliating fashion after they "failed" the polygraph.
>
> The polygraph testing in this case was prohibited by the Employee Polygraph Protection Act of 1988, 29 U.S.C. §§ 2001, et seq. ("EPPA")

> Defendants effectively terminated Plaintiffs from their employment either for "failing" the polygraph test, having an inconclusive test result, or refusing to submit to the examination.

(SAC ¶2-3).

On July 18, 2012, Judge Dana M. Sabraw granted in part and denied in part the motion to dismiss the First Amended Complaint filed by Defendants Metropolitan, J.C., L.L., R.P., M.L., and B.A. (Ct. Dkt. 20). Upon amendment, the Federal Defendants were joined as parties in the SAC. Shortly after this case was transferred to this court, on January 28, 2013, the court ordered the substitution of the United States for the individual Federal Defendants pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FTCA"), Section 6, 28 U.S.C. §2678(d)(1).[1]

In an opposed motion, Federal Defendants argue that the court lacks subject matter jurisdiction over the EPPA claims because Congress has not waived sovereign immunity under the EPPA. In addition, Federal Defendants move to dismiss the state law claims under the FTCA and, alternatively, seek application of qualified immunity principles.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937

---

[1] On February 25, 2013, Plaintiffs voluntarily dismissed their claims against Defendant L.L. (Ct. Dkt. 55).

(2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**Sovereign Immunity**

" 'The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). The shield of sovereign immunity protects not only the United States but also its agencies and officers when the latter act in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475 (1994).

As the party asserting a claim against the United States, Plaintiffs have the burden of "demonstrating an unequivocal waiver of immunity." Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir.1986). "The government's waiver of sovereign

immunity cannot be implied, but 'must be unequivocally expressed in statutory text." <u>Jachetta v. United States</u>, 653 F.3d 898, 903 (9th Cir. 2011). Any ambiguities regarding the scope of waiver are construed in favor of immunity. <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995).

Plaintiffs acknowledge that the United States is exempt from EPPA with respect to government employees. (SAC ¶23). EPPA specifically excludes United States employees from its scope.

> **(a) No application to governmental employers.** This Act [29 U.S.C. §2001 et seq.] shall not apply with respect to the Untied States Government, any State or local government, or any political subdivision of a State or local government."

29 U.S.C. §2006(a). However, Plaintiffs argue that the Government is "prohibited from demanding or administering polygraphs to the private employees of government contractors, except in specified and limited statutorily defined instances" not applicable in this case. (Oppo. at p.3:13-15).

Plaintiffs reason that other EPPA provisions clearly exempt certain agencies when dealing with employees of its private contractors, but the DEA is not one of the named agencies. For example, in the interests of national defense and security, the Federal Government may require lie detector tests of any employee of any expert or consultant with the Department of Defense, the Department of Energy, the National Security Agency, the Defense Intelligence Agency, the National Imagery and Mapping Agency, the Central Intelligence Agency, or any other department or agency whose duties involve access to top secret information classified at the level of top secret or designated as being with a special access program under Executive Order 12356, or successor orders. 29 U.S.C. §2006(b). Other provisions provide exemptions to the Federal Bureau of Investigation of the Department of Justice for employees of experts or consultants, 29 U.S.C. §2006(c) and to private employers related to on-going investigations involving economic loss or injury, 29 U.S.C. §2006(d); security system services, 29 U.S.C. §2006(e); and employers authorized to manufacture, distribute, or

dispense controlled substances. 29 U.S.C. §2006(f). There is simply no exemption permitting the DEA to administer polygraph tests to employees of its consultants and experts.

The Government repeatedly cites a portion of 29 U.S.C. §2006(a) in support of its position:

> This Act [29 U.S.C. §2001 et seq.] shall not apply with respect to the United States Government, any State or local government, or any political subdivision of a State or local government.

A plain reading of this sentence alone, taken out of context, does indeed support the Government's view that EPPA does not apply to the Government. However, the court rejects the Government's strained interpretation of this provision for three reasons. First, the bold-faced topic header to this section provides context to interpret this sentence. The topic header states "**(a) Application to government employees.**" The court construes this provision in context as exempting the Government from EPPA liability when subjecting its own employees to polygraph examination, but not in other contexts. Second, the Government's proposed interpretation would render meaningless those provisions (29 U.S.C. §§2006(b) and (c)) which permit the Federal Government to require polygraph examination of employees of its consultants and experts. There would simply be no reason for Congress to include 29 U.S.C. §§2006(b) and (c) if §2006(a) were construed to exempt the Government from all EPPA claims. The statutory scheme provides exemptions to certain agencies, but not to others like the DEA. Third, the regulation adopted by the Department of Labor is consistent with this court's interpretation of the statutory scheme. As set forth in the regulations, except as provided in 29 U.S.C. §2006(b) - (c), exemption from EPPA "does not extend to contractors or nongovernmental agents of a government entity, nor does it extend to government entities with respect to employees of a private employer with which the government entity has a contractual or other business relationship." 29 C.F.R. §801.10(d). The court defers to an agency's reasonable interpretation of a statute. See

Chevron USA Inc. v. Natural Resources Defense Council, Inc. 467 U.S. 837, 843-45 (1984).

In sum, the court concludes that the statutory exemptions of 29 U.S.C. §2006 do not apply to the Government under circumstances where a non-exempt agency requires its contractors to subject its employees to polygraph examination.

**Request for Further Briefing**

Notwithstanding the parties' arguments on the issue of sovereign immunity pursuant to 29 U.S.C. §2006, the court is concerned that federal jurisdiction does not exist where there is no private right of action conferred by federal statute. See California v. Dynegy, Inc., 375 F.3d 831, 841-42 (9th Cir.2004). EPPA appears to only permit private rights of action against employers. 29 U.S.C. §2005(c) ("An employer who violates this Act shall be liable to the employee. . . ."). As the SAC does not allege that Plaintiffs are employees of the Government, any claim arising under EPPA may fall outside the court's jurisdiction.

In sum, the court concludes that the statutory exemptions of 29 U.S.C. §2006 do not apply to bar Plaintiffs' claims and, to that extent, denies the Federal Defendants' motion to dismiss. However, the court requests briefing on whether Plaintiffs may maintain a private right of action under 29 U.S.C. §2005(c). The parties shall file the requested briefing by April 5, 2013 and the parties may file a response by April 12, 2013. Finally, the court informs the parties that it will address the FTCA and qualified immunity arguments raised by the Government once the EPPA claims are fully addressed.

**IT IS SO ORDERED.**

DATED: March 20, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:      All parties