LAURA E. DUFFY
United States Attorney
ERNEST CORDERO, JR.
Assistant U.S. Attorney
Cal. State Bar No. 131865
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7478
Facsimile: (619) 546-7751
Email: ernest.cordero@usdoj.gov

Attorneys for Federal Defendants
United States of America, Eileen
Zeidler, Sondra Hester, Darek Kitlinski
and William R. Sherman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

M.G, F.M., L.A., J.M., L.G., F.B., M.N., R.G., L.S., AND E.R., individuals,

Plaintiffs,

v.

METROPOLITAN INTERPRETERS and TRANSLATORS, INC., a corporation, J.C., an Individual, L.L., an individual, R.P., and Individual, M.L., an individual, B.A., an individual, UNITED STATES OF AMERICA, EILEEN ZEIDLER, an individual, SONDRA HESTER, an individual, DAREK KITLINSKI, an individual, WILLIAM R. SHERMAN, an individual, and DOES 1-20, inclusive,

Defendants.

Case No.: 12cv0460-JM-(MDD)

**FEDERAL DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[FILED PURSUANT TO COURT ORDER (DOC. 60)]

Hon. Jeffrey T. Miller

The Federal Defendants submit the following brief pursuant to the Court's order (Doc. 60). The issue to be addressed is whether the EPPA confers a private right of action against the Federal Defendants – a non-employer of Plaintiffs.

# I.

## THE EPPA DOES NOT CREATE A PRIVATE RIGHT OF ACTION AGAINST THE NON-EMPLOYER FEDERAL DEFENDANTS

The enforcement provisions of the EPPA allow for private civil actions against employers by their employees or prospective employees for violations of the Act. 29 U.S.C. § 2005(c). Only employees or prospective employees may sue the employer. Specifically, the EPPA provides that "[a]n **employer** who violates this chapter [29 U.S.C. § 2001 et seq.] shall be liable to the **employee** or **prospective employee** affected by such violation." 29 U.S.C. § 2005(c)(1) (in pertinent part) (emphasis added). The Act further provides that "[a]n action to recover the liability prescribed … may be maintained against the employer … by an employee or prospective employee for or on behalf of such employee, prospective employee, and other employees or prospective employees similarly situated." 29 U.S.C. § 2005(c)(2) (in pertinent part).

The EPPA defines an "employer" as follows:

> **(2) Employer**
> The term "employer" includes any person acting directly or indirectly in the interests of an employer in relation to an employee or prospective employee.

29 U.S.C. § 2001(2).

Here, there is no dispute that Plaintiffs were not federal employees at the time of the events at issue. As a consequence, the United States was not their "employer" in the traditional sense. In fact, if Plaintiffs had been federal employees, they would have no right of action under the Act because – as the Court has ruled -- governmental employers are exempt from the provisions of the EPPA with respect to their own employees. (Order, Doc. 60, p. 6. (citing 29 U.S.C. § 2006(a)).)

The question then remains whether Congress intended to grant non-federal employees (such as Plaintiffs) a private right of action against the federal government when it acts "directly or indirectly in the interests of [their] employer in relation to [them]…" as provided in 29 U.S.C. § 2001(2). The language of Section 2001(2) has

been recognized as ambiguous. See Calbillo v. Cavender Oldsmobile, Inc., 288 F.3d 721, 727 (5th Cir. 2002); Rubin v. Tourneau, Inc., 797 F.Supp. 247, 249 (S.D.N.Y. 1992). But, because the operative language is nearly identical to some of the language used to define "employer" in the Fair Labor Standards Act of 1938 ("FLSA"), it suggests that Congress intended the EPPA's definition of "employer" to have the same construction as the term "employer" does under the FLSA. Rubin, 797 F.Supp. at 251. Because the FLSA utilizes an economic reality test to determine whether a non-employer has sufficient control over an employer's compliance with FLSA so as to be acting within the interests of the employer, many courts have adopted the test to determine whether a person or entity meets the definition of an employer contained in Section 2001(2) of the EPPA. As held by one court:

> Accordingly, a person or entity 'acts … in the interest of an employer in relation to an employee or prospective employee,' and, therefore, is subject to suit under 29 U.S.C. § 2005(c)(1) if, as a matter of economic reality, that person or entity exerts some degree of control over the employer's compliance with EPPA.

Rubin, 797 F.Supp. at 253; see also Fernandez v. Mora-San Miguel Electric Cooperative, Inc., 462 F.3d 1244, 1248 (10th Cir. 2006) (adopting the economic reality test of the FLSA in evaluating whether a polygraph examiner is an "employer" for purposes of the EPPA); Calbillo v. Cavender Oldsmobile, Inc., 288 F.3d 721, 726-27 (5th Cir. 2002) (same). The Eleventh Circuit also has adopted the economic reality test to evaluate whether an individual or entity is an "employer" under the EPPA, noting that the test is used to determine whether someone or an entity qualifies as an employer not only for the EPPA, but also for both the Family and Medical Leave Act ("FMLA") and Equal Pay Act ("EPA"). Watson v. Drummond Company, Inc., 436 F.3d 1310, 1316 (11th Cir. 2006).

Based on the foregoing, it is anticipated Plaintiffs will argue that the EPPA establishes a private right of action against a non-employer when, as a matter of economic reality, the non-employer exerts some degree of control over the employer's

compliance with EPPA. Pursuant to this argument, such a non-employer would be acting in the interests of the employer with respect to the EPPA, and would both be deemed an employer under 29 U.S.C. § 2001(2) and subject to suit under 29 U.S.C. § 2005(c)(1). Although this argument might be valid as to certain non-federal entities, it does not apply to the federal government because Congress never intended to waive the sovereign immunity of the United States when, in 29 U.S.C. § 2001(2), it defined "employer" to include "any person acting directly or indirectly in the interests of an employer in relation to an employee or prospective employee."

The evidence in support of this point is found in the definition of "employer" contained in the FLSA, FMLA and EPA. As noted above, each statute defines an employer using language nearly identical to that contained in Section 2001(2) of the EPPA. See Watson, 436 F.3d at 1316. But Congress did not intend for that language to apply to the federal government or public agencies. Instead, rather than rely on that language, Congress explicitly included the United States government and public agencies within the definition of an "employer" under the FLSA, FMLA and EPA.

For example, the FLSA provides:

> (d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and **includes a public agency** ….
>
> *****
>
> (x) "Public agency" means the Government of the United States ….

29 U.S.C. § 203(d), (x) (in pertinent part) (emphasis added). The EPA, which is an extension of the FLSA, utilizes the same definition of an employer. Wascura v. Carver, 169 F.3d 683, 686 (11th Cir. 1999).

Similarly, the FMLA provides:

> (4) Employer
> ****

> (ii) includes --
>
> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
> ****
> (iii) includes any "**public agency**", as defined in section 203(x) of this title[1]; and
> ****

29 U.S.C. § 2611(4)(ii), (iii) (in pertinent part) (emphasis added).

By contrast, the EPPA defines an "employer" as follows:

> **(2) Employer**
> The term "employer" includes any person acting directly or indirectly in the interests of an employer in relation to an employee or prospective employee.

29 U.S.C. § 2001(2).

Nowhere in the EPPA's definition of employer, unlike in the FLSA, FMLA and EPA, is there any reference to the United States government or public agencies. Furthermore, the definition of "employer" in the FLSA did not always include the United States government and public agencies. Apparently recognizing that the existing definition (nearly identical to the one contained in the EPPA's Section 2001(2)) would not cover public agencies, Congress amended the definition in 1974 to include them. Thompson v. Sawyer, 678 F.2d 257, 263 (D.C. Cir. 1982). In the case of the EPPA, Congress has not amended the definition of "employer" to include the United States government or public agencies. Furthermore, as the Court has ruled, the EPPA explicitly excludes the federal government from the provisions of the Act with respect to its own employees:

> **(a) No application to governmental employers**

---

[1] Section 203(x) provides that "'Public agency' means the Government of the United States …."

> This chapter [29 U.S.C. § 2001 et seq.] shall not apply with respect to the United States Government, any State or local government, or any political subdivision of a State or local government.

29 U.S.C. § 2006(a).[2] Furthermore, it is telling that Congress explicitly addressed governmental employers in this section but did not do so in 29 U.S.C. § 2001(2). Had it wished, it easily could have included the United States government and public entities within the Section 2001(2)'s definition of an "employer" as it did in the FLSA, FMLA and EPA.

Finally, Plaintiffs, as the parties asserting EPPA claims against the federal government, have the burden of "'demonstrating an unequivocal waiver of immunity.'" United States v. Park Place Associates, Ltd., 563 F.3d 907, 924 (9th Cir. 2009) (quoting Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986). Such a waiver of sovereign immunity "'cannot be implied but must be unequivocally expressed.'" Levin v. United States, 663 F.3d 1059, 1061 (9th Cir. 2011) (quoting United States v. King, 395 U.S. 1, 4 (1969)). Nowhere in the language of the EPPA is there a waiver of sovereign immunity that would permit a private right of action by Plaintiffs or any other non-federal employees against the federal government

## IV.

## CONCLUSION

For the foregoing reasons, and those expressed in the motion papers, the Court should dismiss Plaintiffs' SAC as to all of the Federal Defendants.

DATED: April 5, 2013

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

s/ Ernest Cordero, Jr.
ERNEST CORDERO, JR.
Assistant U.S. Attorney

---

[2] In the Court's order filed on March 20, 2013, the header for 29 U.S.C. § 2006(a) was mistakenly indicated to be "(a) Application to government employees." (See Order, Doc. 60, p. 6:13.)