# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., et al.,<br><br>                Plaintiffs,<br><br>  v.<br><br>METROPOLITAN INTERPRETERS and TRANSLATORS, INC., et al.,<br><br>                Defendants. | CASE NO. 12cv0460-JM (MDD)<br>                 13cv1891-JM (MDD)<br>                 13cv1892-JM (MDD)<br><br>ORDER ON JOINT MOTION TO DETERMINE DISCOVERY DISPUTE - PLAINTIFFS' MOTION TO COMPEL<br><br>[ECF NO. 129] |

## Background

On May 22, 2014, the parties jointly moved the Court to determine a discovery dispute regarding Plaintiffs' discovery requests to defendant Metropolitan Interpreters and Translators, Inc., and a number of individual defendants who are or were employees of defendant Metropolitan. The dispute related to interrogatories and requests for production of documents requiring the defendants to disclose their financial condition and financial records. (ECF No. 129). On August 12, 2014, this Court deferred ruling on the dispute during the pendency of motions for summary judgment. (ECF No. 158).

On October 24, 2014, the Court granted in part and denied in part

the pending motions for summary judgment. (ECF No. 161). As a consequence of the Court's rulings, all that remains in this case is the issue of damages, including punitive damages, against defendant Metropolitan and one individual defendant, "J. C." Similarly, all that remains of the instant dispute are the interrogatories and requests for production directed to defendant J. C. and the requests for production directed at defendant Metropolitan.

Plaintiffs assert that the information is relevant because the Plaintiffs may be awarded punitive damages. Defendant Metropolitan opposes disclosure primarily on the grounds that financial discovery of the individual defendant is not warranted as Metropolitan has a complete indemnity agreement with defendant J. C. Defendant Metropolitan also objects to the scope of the requests for production directed at it.

## Discussion

As a threshold matter, it should be noted that although the Ninth Circuit has not defined the extent of financial discovery allowed in a case alleging punitive damages, a majority of federal courts allow for such discovery without requiring plaintiffs to make a prima facie showing that punitive damages may be recovered. *See Salisbury v. Hickman*, 1:12cv01098, 2013 WL 4402789 *4-5 (E.D. Cal. August 14, 2013). To the extent that California's right to privacy would impact this analysis, that right is not absolute and the Protective Order issued in this case serves to adequately protect against further dissemination. *Id.* *6. (ECF No. 51).

Defendant Metropolitan has stated unequivocally that it will indemnify defendant J. C. for any damages assessed against him. (ECF No. 129-1 at 7 (using the page numbers supplied by ECF, not the original

page numbering)). Accordingly, Defendants assert that discovery of the financial condition of defendant J. C. is not relevant. Plaintiffs, however, assert that the indemnity agreement does not control whether the information can be discovered.

Defendants rely upon *Nowlin v. Lusk,* 11cv712S, 2014 WL 298155 (W.D. N. Y. Jan. 28, 2014). In *Nowlin*, police officers were sued in their individual and official capacities for civil rights violations, including a claim for punitive damages. Plaintiff sought the personal financial information of the individual officers. The court denied the requests as irrelevant because any damages assessed against the individual officers, by statute, would be indemnified by their employers. *Id.* *7. Plaintiffs appear to attempt to distinguish this case primarily because the plaintiff in *Nowlin* was a prisoner proceeding *pro se*. If the Court has interpreted the argument correctly, it is singularly unpersuasive; the notion that a federal judge would give short shrift to a self-represented litigant, prisoner or not, can be considered offensive.

Defendants also direct the Court's attention to *Platcher v. Health Professionals, Ltd.,* 04-1442 2007 WL 2772855 *2 n.3 (C.D. Ill. Sep. 18, 2007), in which the court noted that if the defendants contended that any damage award against them would be indemnified, then the requested discovery would be irrelevant and inadmissible. Defendants also point to *United States v. Autumn Ridge Condominium Ass'n, Inc.,* 265 F.R.D. 323, 327-28 (N.D. Ind. 2009), in which the court found the requested financial discovery to be relevant because the indemnification agreement would not cover the complained-of acts. By implication, therefore, the discovery requested would be irrelevant if the indemnification agreement was unequivocal. Plaintiffs attempt to distinguish these cases because discovery actually was ordered.

Plaintiffs rely upon *Chasse v. Humphreys,* CV-07-189-HU, 2008 WL 867751 *1 (D. Ore. March 27, 2008). In *Chasse* the court ordered limited financial discovery of individual defendants despite the presence of an indemnity agreement. Discovery of the finances of the individual defendants was limited by the court to "a simple statement of net worth, under oath . . ." The statement was to be provided subject to the protective order under the attorney's eyes only provision. *Id.*

Plaintiffs also cite to *Clark v. Commonwealth of Pennsylvania*, Civ. A. 93-1365, 1994 WL 3966478 (E.D. Pa. July 21, 1994). The plaintiff in *Clark* asked for detailed financial information from the defendants, including tax returns. The defendants objected generally to the disclosure of such information and specifically because an indemnity agreement was in place. The court only addressed the issue of discoverability generally, finding that such information is discoverable, and ruled specifically that the defendants' tax returns were relevant. *Id.* *2-3. The court did not address the impact of the indemnity agreement and thus, by implication, rejected the notion that the indemnity agreement rendered the personal financial information irrelevant, but limited the disclosure of the tax returns only to the preceding year (1993). The court did not address the requests for other financial information. *Id.* The court did express its view that past earnings and net worth is not relevant - the issue being the defendants' net worth now. *Id.* *3.

There are ten special interrogatories and fifteen requests for production directed to defendant J. C. at issue. (ECF No. 129 at 23-42; 98-121). All involve production and disclosure of detailed personal financial information. Considering the relevant case law, the Court will take a decidedly conservative approach. The motion to compel as to

1 defendant J. C. is GRANTED IN PART.  Defendant J. C. must produce a
2 simple financial statement, under oath, reflecting his current assets and
3 liabilities, to Plaintiffs no later than 30 days from the entry of this
4 Order.  The financial statement will be produced pursuant to the
5 outstanding Protective Order in this case and classified as "attorneys
6 eyes only."  The Court will not be inclined to grant any motion to re-
7 depose J. C. upon the financial statement.

There are six requests for production directed at defendant Metropolitan at issue. (ECF No. 129 at 214-231). The requests for production seek detailed financial information for the period commencing January 2009. Plaintiffs voluntarily limited the requests to the period commencing January 2011, to coincide with the period covered by the Complaint. Defendant Metropolitan objects that the requests remain overbroad. Included in the information sought by Plaintiffs are lists of shareholders, (RFP No. 25), general ledgers (RFP No. 26), tax returns (RFP No. 27), bank accounts (RFP No. 28), gross receipts of "money" (RFP No. 29), property (RFP No. 30), and current contracts and projects including gross income or revenue for each (RFP No. 31).

The Court agrees that these requests are overbroad. The issue is defendant Metropolitan's net worth now, not in the past. Consequently, the motion to compel as to defendant Metropolitan is GRANTED IN PART. Defendant Metropolitan must produce to Plaintiffs its most recent certified financial statement and its tax return for 2013. If the most recent certified financial statement only pertains to the calendar year 2013, defendant Metropolitan must produce that information and a pro forma (uncertified) financial statement for the year-to-date verified as accurate under oath by a responsible and knowledgeable corporate

defendant J. C. is GRANTED IN PART.  Defendant J. C. must produce a simple financial statement, under oath, reflecting his current assets and liabilities, to Plaintiffs no later than 30 days from the entry of this Order.  The financial statement will be produced pursuant to the outstanding Protective Order in this case and classified as "attorneys eyes only."  The Court will not be inclined to grant any motion to re-depose J. C. upon the financial statement.

There are six requests for production directed at defendant Metropolitan at issue.  (ECF No. 129 at 214-231).  The requests for production seek detailed financial information for the period commencing January 2009.  Plaintiffs voluntarily limited the requests to the period commencing January 2011, to coincide with the period covered by the Complaint.  Defendant Metropolitan objects that the requests remain overbroad.  Included in the information sought by Plaintiffs are lists of shareholders, (RFP No. 25), general ledgers (RFP No. 26), tax returns (RFP No. 27), bank accounts (RFP No. 28), gross receipts of "money" (RFP No. 29), property (RFP No. 30), and current contracts and projects including gross income or revenue for each (RFP No. 31).

The Court agrees that these requests are overbroad.  The issue is defendant Metropolitan's net worth now, not in the past.  Consequently, the motion to compel as to defendant Metropolitan is GRANTED IN PART.  Defendant Metropolitan must produce to Plaintiffs its most recent certified financial statement and its tax return for 2013.  If the most recent certified financial statement only pertains to the calendar year 2013, defendant Metropolitan must produce that information and a pro forma (uncertified) financial statement for the year-to-date verified as accurate under oath by a responsible and knowledgeable corporate

- 5 -        12cv460, 13cv1891, 13cv1892-JM (MDD)

defendant J. C. is GRANTED IN PART.  Defendant J. C. must produce a simple financial statement, under oath, reflecting his current assets and liabilities, to Plaintiffs no later than 30 days from the entry of this Order.  The financial statement will be produced pursuant to the outstanding Protective Order in this case and classified as "attorneys eyes only."  The Court will not be inclined to grant any motion to re-depose J. C. upon the financial statement.

There are six requests for production directed at defendant Metropolitan at issue.  (ECF No. 129 at 214-231).  The requests for production seek detailed financial information for the period commencing January 2009.  Plaintiffs voluntarily limited the requests to the period commencing January 2011, to coincide with the period covered by the Complaint.  Defendant Metropolitan objects that the requests remain overbroad.  Included in the information sought by Plaintiffs are lists of shareholders, (RFP No. 25), general ledgers (RFP No. 26), tax returns (RFP No. 27), bank accounts (RFP No. 28), gross receipts of "money" (RFP No. 29), property (RFP No. 30), and current contracts and projects including gross income or revenue for each (RFP No. 31).

The Court agrees that these requests are overbroad.  The issue is defendant Metropolitan's net worth now, not in the past.  Consequently, the motion to compel as to defendant Metropolitan is GRANTED IN PART.  Defendant Metropolitan must produce to Plaintiffs its most recent certified financial statement and its tax return for 2013.  If the most recent certified financial statement only pertains to the calendar year 2013, defendant Metropolitan must produce that information and a pro forma (uncertified) financial statement for the year-to-date verified as accurate under oath by a responsible and knowledgeable corporate

official.  If defendant Metropolitan does not have a certified financial statement for 2013, it must produce a verified financial statement for that year and the year-to-date attested under oath by a responsible and knowledgeable corporate officer.  Such disclosures must be made no later than 30 days following the entry of this Order.

## Conclusion

1. Plaintiffs' Motion to Compel Further Responses from Defendant J.C., as presented in the instant Joint Motion for Determination of a Discovery Dispute, is GRANTED IN PART.  Defendant J. C. must produce a simple financial statement, under oath, reflecting his current assets and liabilities, to Plaintiffs no later than 30 days from the entry of this Order.  The financial statement will be produced pursuant to the outstanding Protective Order in this case and classified as "attorneys eyes only."

2. Plaintiffs' Motion to Compel Further Responses from Defendant Metropolitan, as presented in the instant Joint Motion for Determination of a Discovery Dispute, is GRANTED IN PART.  Defendant Metropolitan must produce to Plaintiffs its most recent certified financial statement and its tax return for 2013.  If the most recent certified information only pertains to the calendar year 2013, defendant Metropolitan must produce that information and a pro forma (uncertified) financial statement for the year-to-date verified as accurate under oath by a responsible and knowledgeable corporate official.  If defendant Metropolitan does not have a certified financial statement for 2013, it must produce a verified financial statement for that year and the year-to-date attested under oath by a responsible and knowledgeable corporate officer.  Such disclosures must be made no later than 30 days following the entry of this Order.

3. Plaintiffs' Motion to Compel Further Responses from individual defendants, other than defendant J. C., as presented in the instant Joint Motion for Determination of a Discovery Dispute, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: October 30, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge