1  REBECCA L. TORREY (Bar No. CA 153866)
   E-mail: rtorrey@manatt.com
2  YOANNA S. BINDER (Bar No. CA 218239)
   E-mail: ybinder@manatt.com
3  MAURA F. KINGSEED (Bar No. CA 287430)
   E-mail: mkingseed@manatt.com
4  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
5  Los Angeles, CA  90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

7  BARRY W. LEE (Bar No. CA 088685)
   E-mail: bwlee@manatt.com
8  MANATT, PHELPS & PHILLIPS, LLP
   One Embarcadero Center, 30th Floor
9  San Francisco, CA 94111
   Telephone: (415) 291-7400
10 Facsimile: (415) 291-7474

11 *Attorneys for Defendants*
   METROPOLITAN INTERPRETERS
12 AND TRANSLATORS, INC. AND J.C.

13              **UNITED STATES DISTRICT COURT**

14              **SOUTHERN DISTRICT OF CALIFORNIA**

15

16 M.G., *et al.*, individuals,          Case No.  3:12-cv-00460-JM-MDD
                                                   3:13-cv-01891-JM-MDD
17              Plaintiffs,                         3:13-cv-01892-JM-MDD

18       vs.                            Honorable Jeffrey T. Miller

19 METROPOLITAN                         **METROPOLITAN'S MEMORANDUM**
   INTERPRETERS AND                     **OF LAW RE THE BURDEN OF PROOF**
20 TRANSLATORS, INC., a                 **FOR PLAINTIFFS' EPPA PUNITIVE**
   corporation, J.C., an individual, R.P., **DAMAGES CLAIM**
21 an individual, C.G., UNITED
   STATES OF AMERICA, SONDRA
22 HESTER, an individual, DAREK
   KITLINSKI, an individual,
23 WILLIAM R. SHERMAN, an
   individual, and DOES 1-20,
24 inclusive,

25              Defendants.

26

27

28

MANATT, PHELPS &
  PHILLIPS, LLP
ATTORNEYS AT LAW
  LOS ANGELES

I.      **INTRODUCTION**

Defendant Metropolitan Interpreters and Translators, Inc. ("Metropolitan") hereby submits this Memorandum of Law regarding Plaintiffs' punitive damages claim under the Employee Polygraph Protection Act ("EPPA").

First, federal courts vary in their application of burden of proof for punitive damages. While Defendants continue to maintain that the evidentiary record developed at trial is woefully inadequate to support a punitive damages claim, if the claim goes to the jury, the Court should use its discretion to require Plaintiffs to prove entitlement to punitive damages by clear and convincing evidence, particularly in light of the dearth of authority awarding punitive damages under EPPA.

Second, Plaintiffs attempt to create a hybrid burden of proof for EPPA by asserting that punitive damages may be established on the basis of *either* reckless disregard or fraud. This is improper. Establishing punitive damages on the basis of fraud is only available for state law claims. But Plaintiffs have voluntarily dismissed *all* state claims, and the only claim left before the jury (EPPA) is based on federal law. Because federal law does not permit an award of punitive damages premised on a theory of fraud, Plaintiffs should be required to meet the clear and convincing evidence burden for their punitive damages claim.

Finally, if Plaintiffs are permitted to adopt a hybrid standard for punitive damages, the Court must require Plaintiffs prove entitlement by clear and convincing evidence. While federal law is less than crystal clear on the required burden of proof for punitive damages, California law is unequivocal – the burden of proof for punitive damages is by clear and convincing evidence. If Plaintiffs rely on state punitive damages' prongs (here, fraud), they must also be held to the state burden of proof.

Accordingly, Metropolitan respectfully requests that the Court apply the clear and convincing evidence burden of proof to Plaintiffs' claim for punitive damages

1  under EPPA, and so instruct the jury.

2  **II.    THE COURT HAS DISCRETION TO APPLY THE CLEAR AND**
3  **CONVINCING BURDEN OF PROOF TO EPPA PUNITIVE**
4  **DAMAGES**

5        Plaintiffs claim that the clear and convincing evidence standard never applies

6  to federal law claims.  Not so.  The Ninth Circuit Model Rules supply *both* clear

7  and convincing evidence and preponderance of the evidence standards.  *See* Ninth

8  Circuit Model Civil Jury Instructions 5.5 (2007).

9        Federal courts may apply either preponderance of the evidence or clear and

10  convincing evidence burdens of proof to punitive damages claims.  *Id.*  In fact,

11  federal courts have varied on which standard to apply.  *See, e.g.*, *In re Exxon*

12  *Valdez,* 270 F.3d 1215, 1232 (9th Cir.2001).  In *In re Exxon Valdez*, the Ninth

13  Circuit noted that several states require proof by clear and convincing evidence

14  before awarding punitive damages on state law claims.  *Id.*  While the court went on

15  to apply the preponderance standard to a maritime case, the decision did *not*

16  exclude the application of the clear and convincing standard to federal law claims;

17  it merely found that the district court did not abuse its discretion in opting for a

18  lesser standard.  *Id.* at 1232-33 (citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1,

19  23 n. 11 (1991) (finding the lesser standard of preponderance of the evidence

20  "constitutionally sufficient," but not required, vis a vis the favorable standard of

21  clear and convincing evidence)).

22        Thus, the Court has discretion to require the clear and convincing standard of

23  proof for punitive damages under federal law.  However, a lesser standard is not

24  appropriate here, where doubt exists regarding whether punitive damages are

25  available at all.  Specifically, EPPA does not directly authorize punitive damages

26  and a number of courts that have examined this issue have expressed uncertainty

27  regarding whether punitive damages are even permissible under EPPA.  *See e.g.*,

28  *Mennen v. Easter Stores*, 951 F. Supp. 838, 866 (N.D. Iowa 1997) ("Even assuming

that an award of punitive damages is available under the EPPA, because the record is absent any evidence indicating a willful or reckless disregard for Mennen's rights, the court finds that an award of punitive damages is not warranted"); *Lyles v. Flagship Resort Dev. Corp.*, 371 F. Supp. 2d 597, 609 (D.N.J. 2005) ("The Court declines to reach the issue of whether the [EPPA] statute authorizes punitive damages, as the Court finds such damages are not justified on the facts of this case").  In light of the dearth of authority applying punitive damages to EPPA at all, a conservative approach is warranted.

Accordingly, this Court should apply the clear and convincing standard of proof if it elects to instruct the jury that punitive damages are available at all.

## III.   PLAINTIFFS MAY NOT RELY ON FRAUD TO ESTABLISH PUNITIVE DAMAGES LIABILITY

Regardless of which standard applies, the burden of proof for punitive damages under federal law requires a finding "that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights."  Ninth Circuit Model Civil Jury Instructions 5.5 (2007).  In fact, the instructions state that the jury may *only* award punitive damages if defendants' conduct is malicious, oppressive or in reckless disregard.  *Id*.  Fraud is not an prong of punitive damages under federal law; it is only available when establishing punitive damages under state law claims.  *See* CACI No. 3941 (2015 Edition) (permitting a finding of punitive damages under malice, oppression or fraud).  Thus, because fraud is not a basis for punitive damages for federal law claims, Plaintiffs cannot rely on fraud to establish punitive damages under EPPA. *Compare* Ninth Circuit Model Civil Jury Instructions 5.5 *with* CACI No. 3941.

Plaintiffs' attempt to fashion a new rule for punitive damages liability by cherry picking their favorite portions of state and federal punitive damages standards must be rejected.

1
2

**IV.   PLAINTIFFS' RELIANCE ON FRAUD REQUIRES APPLICATION OF CLEAR AND CONVINCING BURDEN OF PROOF**

3        Despite voluntarily dismissing their state fraud claims, Plaintiffs attempt to

4   improperly impute "fraud' into their federal punitive damages claim against

5   Metropolitan for its EPPA violation.  But if Plaintiffs are permitted to apply

6   elements of the state punitive damages standard to EPPA (*i.e.*, fraud), then they

7   should be required to prove punitive liability by clear and convincing evidence.

8   *See, e.g.*, *Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1056 (9th Cir. 1997) (punitive

9   damages claims arising under state law are subject to state law standards for

10  recovery which should be reflected in a modified jury instruction).  As discussed

11  above, fraud is a component of punitive damages under state law claims, not federal

12  law.  And California law explicitly requires a standard of clear and convincing

13  evidence to establish punitive damages.  *See* Code Cal. Civ. Code § 3294.

14  Therefore, to the extent Plaintiffs rely on California punitive damages prongs, they

15  should also be held to the California punitive damages standard: clear and

16  convincing evidence.

17       Plaintiffs' incorporation of California's punitive liability standard should also

18  extend to its underlying principles.  In California, an award of punitive damages

19  may not be based on mere speculation, but rather requires a definite showing that

20  the defendant acted willfully, maliciously, and with the intent to vex, harass, annoy

21  or injure the plaintiff.  *See Silberg v. California Life Ins. Co.*, 11 Cal. 3d 452

22  (1974).  Additionally, mistakes, mere reckless disregard, or misconduct do not

23  warrant punitive damages.  *See, e.g., Henderson v. Security Nat. Bank*, 72 Cal. App.

24  3d 764, 772 (1977); *Dairy Am., Inc. v. New York Marine & Gen. Ins. Co.*, No.

25  CVF07-0537 LJO SMS, 2010 WL 2555116, at *10 (E.D. Cal. June 18, 2010);

26  *Dawes v. Superior Court*, 111 Cal. App. 3d 82, 87 (1980); *G.D. Searle & Co. v.

27  Superior Court*, 49 Cal. App. 3d 22, 31-32 (1975).  Finally, punitive damages are

28  disfavored under California law and are only allowed in the most outrageous and

clearest of cases.  *See, e.g., Nolin v. National Convenience Stores Inc.*, 95 Cal. App. 3d 279, 284-85 (1979); *Henderson*, 72 Cal. App. 3d at 771; *Hawker v. Bancinsurance, Inc.*, No. CV F 12-1261 LJO SAB, 2013 WL 1281573, at *13 (E.D. Cal. Mar. 26, 2013); *Escriba v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1167 (E.D. Cal. 2011).

If the jury is instructed on Plaintiffs' hybrid theory of punitive liability, they should also be instructed to apply the state law standard for punitive damages, clear and convincing evidence, and to consider the principles which inform the same.

**V.    CONCLUSION**

For the reasons stated herein, Metropolitan respectfully requests the Court instruct the jury that Plaintiffs' burden of proof for punitive damages under EPPA is clear and convincing evidence.

Dated:  April 15, 2015                MANATT, PHELPS & PHILLIPS, LLP

By:  s/ Barry W. Lee

*Attorneys for Defendants*
METROPOLITAN INTERPRETERS AND
TRANSLATORS, INC., and J.C.

1

### PROOF OF SERVICE

2

I, Judy L. Feingold, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California.  I am
over the age of eighteen years and not a party to the within-entitled action.  My business address
is 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On **April 15, 2015,** I
served a copy of the within document(s):

4

5

6

## METROPOLITAN'S MEMORANDUM OF LAW RE THE BURDEN OF
## PROOF FOR PLAINTIFFS' EPPA PUNITIVE DAMAGES CLAIM

7

8

☒          (By ELECTRONIC FILING) I served each of the above referenced
document(s) by E-filing in accordance with the rules governing the
electronic filing of documents in the United States District Court for the
Southern District of California, which will send notification of such filing to
the following interested parties

9

10

11

Eugene G. Iredale, egiredale@yahoo.com         *Attorneys for Plaintiffs*
Grace Jun, gjun@iredalelaw.com                       *M.G., F.M., L.A., J.M., L.G., F.B., M.N. and*
Iredale & Yoo, APC                                          *R.G.*
105 West F Street, 4th Floor
San Diego, CA  91201-6036
Tel:  (619) 233-1525; Fax:  (619) 233-3221

12

13

14

15

16

I declare that I am employed in the office of a member of the bar of this court at whose
direction the service was made.  Executed on **April 15, 2015** at Los Angeles, California.

17

18

_____
Judy L. Feingold

19

20

21

22

23

24

25

26

27

28