UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MEDINA, et al.,<br><br>                           Plaintiffs,<br>  v.<br><br>METROPOLITAN INTERPRETERS AND TRANSLATORS, INC.,<br><br>                           Defendant. | CASE NO.  12cv0460 JM(MDD)<br>                13cv1891 JM(MDD)<br>                13cv1892 JM(MDD)<br><br>ORDER STRIKING EX PARTE APPLICATION FOR SUPPLEMENTAL ATTORNEYS' FEES |

      On the court's own motion, the court strikes Plaintiffs' <u>ex parte</u> application for supplemental attorneys' fees. Following the telephonic request of Plaintiffs' counsel for a noticed hearing date, the court intended to advise defense counsel that they should file an <u>ex parte</u> application to obtain a noticed hearing date. Instead, defense counsel filed an application for supplemental attorneys' fees. The following briefly discusses the procedures for obtaining a hearing date on a motion for attorneys' fees.

      Federal Rule of Civil Procedure 54(d)(2)(A) requires a prevailing party to make a claim for attorney's fees by motion filed within 14 days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Civil Local Rule 54.1 similarly provides that the service and filing of an attorney's fees motion shall "in no event be later than fourteen (14) days after entry of the decree or judgment." To request the acceptance of an untimely filed motion, the applicant may file an <u>ex parte</u> application for extension of time, only if he or she files that application before the 14 days has expired. Fed. R. Civ. Proc. 6(b)(1).

1  If the time to file the attorney's fees motion has already expired, any request to extend the deadline must be made through a fully noticed motion that demonstrates the party failed to act because of excusable neglect. Fed. R. Civ. Proc. 6(b)(1)(B).

"Failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." Petrone v. Veritas Software Corp., 496 F.3d 962, 972 (9th Cir.2007) (affirming denial of attorney's fees motion because it was filed 15 days late and movant did not show a compelling reason for the delay). To show excusable neglect for the delay, a court must examine these factors under Rule 6(b): "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 973 (internal quotations omitted). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Committee for Idaho's High Desert v. Yost, 92 F.3d 814, 824 (9th Cir.1996).

Here, Plaintiffs timely filed their original motion for attorney's fees. At this time, the equities appear to favor the filing of a supplemental motion for attorneys' fees, with Defendant being provided an opportunity to respond to the request for a hearing date on Plaintiffs' anticipated motion for supplemental attorneys' fees. Accordingly, the court strikes the ex parte application for supplemental attorneys' fees and instructs Plaintiffs to file an ex parte application to obtain a hearing date on the supplemental fee request. In the event Defendant, represented by new counsel, does not oppose the filing of the supplemental motion for fees, the parties are instructed to contact chambers for a hearing date on Plaintiffs' supplemental request for fees.

**IT IS SO ORDERED.**

DATED: October 26, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:    All parties