UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MEDINA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN INTERPRETERS AND TRANSLATORS, INC., <br><br> Defendant. | CASE NO. 12cv0460 JM(MDD) <br> 13cv1891 JM(MDD) <br> 13cv1892 JM(MDD) <br><br> ORDER AWARDING SUPPLEMENTAL ATTORNEYS' FEES |

Plaintiffs move for a supplemental award of attorneys' fees.  Defendant Metropolitan Interpreters and Translators, Inc. ("Metropolitan") partially opposes the motion.  The court incorporates its October 19, 2015 order awarding attorneys' fees and costs to Plaintiffs.  (Ct. Dkt. 338).

Plaintiffs seek compensation for the attorney hours reasonably expended by Plaintiffs' counsel in opposing Metropolitan's motions for judgment as a matter of law and for new trial and presenting their own requests for an award of attorneys' fees. Plaintiffs seek to be compensated in the amount of $47,203.  The court finds both the hourly rate and the hours expended (with one minor adjustment, as noted below) reasonable under the circumstances and awards Plaintiffs attorneys' fees in the amount of $46,849.[1]

---

[1] The court notes that Plaintiffs do not seek compensation for any additional costs, paralegal time, or time spent on communicating with Plaintiffs.

1    Metropolitan objects to both the hourly rate and the hours expended. With respect to the hourly rate, the court notes Metropolitan's previous non-opposition to the hourly rates is the law of the case. "A court may depart from the law of the case when (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Mendenhall v. National Transportation Safety Board, 213 F.3d 464, 469 (9th Cir. 2000). Here, Metropolitan identifies no grounds to depart from the previously determined hourly rates.

Except as noted below, the court also finds the total hours expended reasonable under the circumstances. Counsel have submitted detailed time sheets identifying the tasks performed and the time spent on each task. (Ct. Dkt. 351-3). The tasks primarily relate to responding to Metropolitan's substantial post-trial motions and their requests for attorneys' fees. However, as noted by Metropolitan, attorney Grace Jun performed paralegal and secretarial activities not compensable as attorney time. On August 11, 2015, attorney Jun billed 0.7 hours for e-filing a corrected reply brief. This time is not compensable as attorney time. On September 4, 2015, attorney Jun billed 10 hours for compensable tasks (finalizing opposition to motion for new trial, drafted sections of the brief on judicial estoppel, emotion distress damages, and causation). However, within the 10 hours she also billed for creating a table of contents and e-filing the documents. These two tasks, however brief, are not compensable as attorney time. The court deducts 0.5 hours from the 10 hours for these two tasks. Accordingly, the court reduces the award by $354 (1.2 hours times $295/hour).

In sum, the court awards supplemental attorneys' fees in the amount of $46,849.

**IT IS SO ORDERED.**

DATED: January 15, 2016

Hon. Jeffrey T. Miller
United States District Judge